IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SMITH'S CONSUMER PRODUCTS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PIONEER WOMAN, LLC an Oklahoma Limited Liability Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 24-cv-00604-MTS |

## COMPLAINT FOR PATENT INFRINGEMENT
## JURY TRIAL DEMANDED

Smith's Consumer Products, Inc. ("Plaintiff"), by its undersigned attorneys, hereby files its Complaint for Patent Infringement against The Pioneer Woman, LLC ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 8,944,894 B2 ("the '894 patent") arising under the patent laws of the United States, Title 35, United States Code, Sections 100 et seq. The '894 patent discloses and claims an adjustable sharpener for the blade of a knife.

## THE PARTIES

2. Smith's Consumer Products, Inc. is a Delaware corporation with a principal place of business at 747 Mid-America Blvd., Hot Springs, Arkansas 71913.

3. Upon information and belief, Defendant is an Oklahoma Limited Liability Company with a principal place of business at 1530 County Road 4300, Pawhuska, OK 74056.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent infringement).

5. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant makes, imports, distributes, uses, sells, and/or s to sell infringing product (defined hereinafter) with the knowledge and/or intent that the infringing devices will be offered for sale, sold, or used throughout the United States, including this state. Defendant has purposefully established sufficient minimum contacts with this forum to comport with fair play and substantial justice. Defendant operates a website from the State of Oklahoma, and has sold infringing product within this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). On information and belief, Defendant has committed acts of infringement of the '894 patent in this District by offering for sale infringing product, is an Oklahoma domestic company, and has a regular and established place of business in this District at least at 1530 County Road 4300, Pawhuska, OK 74056.

## ASSERTED PATENT

7. On February 3, 2015, the U.S. Patent and Trademark Office duly and legally issued the '894 patent, entitled "ADJUSTABLE ABRASIVE SHARPENER". The '894 patent is valid and enforceable. A true and correct copy of the '894 patent is attached as Exhibit A. The claims of the '894 patent cover a sharpener with a pair of abrasive elements, where at least one of the abrasive elements is mounted for pivotal movement. The claims of the '894 patent carry a presumption of validity under 35 U.S.C. § 282(a).

8. Plaintiff is the owner of the entire right, title and interest in the '894 patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the patent-in-suit.

9. Plaintiff sells adjustable sharpeners. For example, Plaintiff sells an adjustable sharpener under the name "Adjustable Angle Pull-Thru Knife Sharpener" (SKU: 50264) for $29.99 on its website. Plaintiff also sells an adjustable sharpener under the name "Smith's Adjustable Angle 2-Stage Knife Sharpener - Grey/Yellow, Restores Blades for Hunting, Pocket & Serrated Knives" for $27.01 on Amazon.com. These adjustable sharpeners are covered by the claims of the '894 patent.

## FACTS

10. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

11. Since at least as early as 1886 when the company was founded, Plaintiff has produced a wide variety of consumer goods, including sharpening tools and instruments.

12. Plaintiff has continuously sold knife and tool sharpeners since at least as early as 1960.

13. Defendant is a food and lifestyle company that provides content through its website and blog from Oklahoma and throughout the United States. Defendant also sells branded home and kitchenware products through Walmart, including online and in stores in this District.

14. Defendant has directly infringed and continues to directly infringe the '894 patent by making, using, selling, offering for sale, and/or importing into the United States an adjustable sharpener. For example, Defendant sells its "4 Stage Knife & Shear Sharpener Base" (barcode

number 17042 20240) (hereinafter "Accused Product"; see Figs. A and B below), embodying the invention defined by one or more claims of the '894 patent, without authority or license from Plaintiff. The Accused Product is sold at least in Walmart stores in this District.



**Fig. A**

15.  More particularly, upon information and belief, Defendant has infringed and continues to infringe at least claims 14-16 of the '894 patent because the Accused Product includes every element of claims 14-16.

16.  Claim 14 of the '894 patent recites as follows:

> An adjustable sharpener comprising:
>
> a frame having an open sharpening slot,
>
> a pair of abrasive elements being mounted in said slot to form a generally V- shaped sharpening angle in said slot, at least one of said abrasive elements being mounted for pivotal movement,
>
> a rotatable rod being mounted on said frame, and
>
> a connecting rack assembly being mounted for axial movement on said frame and being connected between said rod and said at least one of said abrasive elements whereby rotation of said rod effects axial movement of said rack assembly to cause pivotal movement of said at least one of

said abrasive elements with respect to the other of said abrasive elements to adjust said sharpening angle form by said pair of abrasive elements.

17. The Accused Product is an adjustable sharpener that is configured to receive a portion of a blade of a knife in an open sharpening slot in upper end of a frame, as shown in Fig. A above. Fig. A above shows the Accused Product when it is removed from the packaging and ready for use. Fig. B below shows internal components of the Accused Product that are only visible when the frame is separated in half. A pair of abrasive elements are mounted in the slot and form a V-shaped sharpening angle in the slot. By rotation of an adjustable actuator that extends slightly outwardly beyond the frame, the pair of abrasive elements pivot with respect to each other. These above features correspond to the first two elements recited in the body of claim 14.



**Fig. B**

4905-4312-7302, v. 1

18. The Accused Product includes a rotatable rod, as shown in Fig. B above, that is mounted in, located within, and protected by the frame. The rotatable rod includes a series of teeth that extend the length of the rod around a periphery thereof. The rotatable rod is attached to and rotatable by rotation of the adjustment actuator. When a user rotates the adjustment actuator with respect to the frame, the rotatable rod is rotated as well. These features correspond to the third element in the body of claim 14.

19. The Accused Product includes a connecting rack assembly, as shown in Fig. B above, having a gear rack that operatively connects the adjustment actuator to the abrasive elements. When a user rotates the adjustment actuator, the rod is rotated, which in turn rotates the teeth. The teeth of the rod engage teeth of the gear rack. Rotation of the rod moves the gear rack in an opposing axial or linear motion. Axial or linear motion of the gear rack causes each abrasive element to pivot about a pivot point near a bottom end of a blade of each abrasive element. These features correspond to the final element in the body of claim 14.

20. Claim 15 of the '894 patent recites as follows:

> The adjustable sharpener according to claim 14 wherein said connecting gear assembly includes at least one gear rack.

21. The Accused Product includes a gear rack, as labeled and shown in Fig. B above, as a component of the connecting rack assembly, which corresponds to claim 15.

22. Claim 16 of the '894 patent recites as follows:

> The adjustable sharpener according to claim 15 wherein said rod includes a gear to engage said at least one gear rack.

4905-4312-7302, v. 1

23. The Accused Product includes the teeth of the rod, which are effectively a gear that surrounds a portion of, or is integrally formed with or part of, the rotatable rod, as shown in Fig. B above.  The gear engages the gear rack.  These features correspond to claim 16.

24. Plaintiff has suffered injury, including irreparable injury, as a result of Defendant's infringement.  Plaintiff is therefore entitled to permanent injunctive relief restraining and enjoining Defendant from infringing the '894 patent.

25. By reason of Defendant's infringement, Plaintiff is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

## CLAIM FOR RELIEF
## PATENT INFRINGEMENT

26. Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

27. The claims of the '894 patent are presumed valid pursuant to 35 U.S.C. § 282.

28. Defendant, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing and/or actively inducing others to infringe the '894 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling, and/or importing into the United States, without license or authority, the infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

(a) a judgment that Defendant infringes the '894 patent;

(b) a permanent injunction enjoining Defendant, and those in active concert or participation with it, from infringing the '894 patent;

4905-4312-7302, v. 1

(c)	an accounting for damages arising from the infringement of the '894 patent by the Defendant and those in privity with it;

(d)	an award of damages adequate to compensate for the infringement of the '894 patent, including, but not limited to, reasonable royalties, lost profits, and damages attributable to price erosion, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284;

(e)	pre- and post-judgment interest;

(f)	a declaration that this is an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

(g)	a grant to Plaintiff of any such other relief as the Court may deem just, equitable, or proper.

4905-4312-7302, v. 1

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 12, 2024

Respectfully submitted,

*[signature: Todd A. Nelson]*

By: Todd Nelson
GABLEGOTWALS
101 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120-1495
Phone (Direct): (918) 595-4882
tnelson@gablelaw.com

David V. Radack (*applying pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT LLC
600 Grant St., 44th Floor
Pittsburgh, PA 15219
Phone (Direct): (412) 566-6777
dradack@eckertseamans.com

Mark T. Vogelbacker (*applying pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT LLC
50. S. 16th Street, 22nd Floor
Philadelphia, PA 19102
Phone (Direct): (215) 851-8504
mvogelbacker@eckertseamans.com

*Attorneys for Plaintiff Smith's Consumer Products, Inc.*